# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:08cr260

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **REGINALD LAMAR DAVIS.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Notice of Appeal and Motion to Revoke Detention Order [Doc. 15], filed May 13, 2009.

## I.    PROCEDURAL BACKGROUND

On December 17, 2008, the Defendant was charged in a bill of indictment with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The Defendant's initial appearance was on February 19, 2009, at which time counsel was appointed. The Honorable Carl Horn, III, United States Magistrate Judge, conducted the Defendant's arraignment and detention hearing on February 24, 2009. The Government moved at that time for the Defendant's detention. Citing the Defendant's extensive criminal history, the nature of his present charge, his daily substance abuse, and the

existence of pending state felony drug charges, Judge Horn granted the Government's motion and ordered the Defendant to be detained pending trial.[1]  The Defendant's case was set on the April 13, 2009 trial term.

On March 26, 2009, the Defendant filed a Motion to Suppress.  [Doc. 7]. That same day, the Defendant moved for a continuance of the trial on the grounds that his motion to suppress could not be resolved prior to the trial date.  [Doc. 8].  On March 27, 2009, the Court granted the Defendant's request for a continuance and set this case on the June 8, 2009 calendar for trial.  [Doc. 9].

On April 24, 2009, the Honorable David S. Cayer, United States Magistrate Judge, conducted a hearing on the Defendant's Motion to Suppress.  On May 5, 2009, Judge Cayer issued a Memorandum and Recommendation on the suppression motion, recommending that the motion be granted and that the evidence in this case be suppressed.  [Doc. 12].[2]

In light of Judge Cayer's Memorandum and Recommendation, the Defendant sought reconsideration of Judge Horn's Detention Order by filing

---

[1] In addition to reviewing Judge Horn's Detention Order [Doc. 7], the Court has reviewed the FTR recording of the detention hearing, during which Judge Horn orally pronounced his findings and reasons for detention.

[2] The Government has filed Objections to the Magistrate Judge's Memorandum and Recommendation.  [Doc. 17].  The Defendant has moved to strike these Objections.  [Doc. 21].

a a Motion for Bond. [Doc. 13]. Judge Cayer held a hearing on the Defendant's motion on May 13, 2009. Specifically, the Defendant argued that reconsideration of the detention issue was justified due to "changed circumstances," in particular, the Magistrate Judge's recommendation of suppression, the dismissal of a state felony drug charge, and the anticipated dismissal of the other state drug charges, as such charges are based entirely on the same evidence for which suppression has been recommended. Additionally, the Defendant argued that he poses no risk of flight due to his strong family ties and involvement in the community, and that he does not pose a danger to any other persons or the community. Judge Cayer orally denied the Defendant's motion. Thereafter, the Defendant filed the present Notice of Appeal and Motion to Revoke Detention Order. [Doc. 15].

## II. STANDARD OF REVIEW

Title 18 of the United States Code, section 3145, governs the review and appeal of detention orders. This statute provides, in pertinent part, as follows:

> If a person is ordered detained by a magistrate judge,
> . . . the person may file, with the court having original
> jurisdiction over the offense, a motion for revocation

or amendment of the order. The motion shall be
determined promptly.

18 U.S.C. § 3145(b). In reviewing a motion to revoke or amend an order of detention, the Court reviews the Magistrate Judge's Order de novo. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001). The Court "must make an independent determination of the proper pretrial detention or conditions of release." Id.

## III.   ANALYSIS

Section 3142 of Title 18 of the United States Code provides that if, after holding a hearing, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court shall order the detention of the person pending trial. 18 U.S.C. § 3142(e)(1). In determining whether detention pending trial is appropriate, the Court must consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

Section 3142(f) provides that the detention hearing

> may be reopened at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

In the present case, Judge Horn ordered the Defendant to be detained pending trial based upon the Defendant's extensive criminal history, the nature of his present charge, his daily substance abuse, and the existence of pending state felony drug charges. The Defendant sought to reopen the detention hearing in light of Judge Cayer's recommendation regarding the suppression motion. Judge Cayer denied the Defendant's request to reopen and denied his request for bond. Upon reviewing the Defendant's criminal record, the Court agrees with the Magistrate Judge's conclusion that detention remains warranted in this case. The Defendant's criminal history includes nine felony convictions, including convictions for second degree arson, felony breaking and entering, armed bank robbery, and use of a firearm during said robbery.[3] Additionally, the Defendant is currently charged with another firearm offense and faces a minimum fifteen-year sentence under the Armed Career Criminal Act. See 18 U.S.C. § 924(e)(1). Finally, while the Defendant has extensive family ties and strong ties to the local

---

[3]While the Defendant argues that most of these offenses occurred when he was very young, and that he did not commit any new offenses for a period of several years, it must be noted that the Defendant spent a substantial portion of the intervening time in prison. Thus, the lapse in time between these past offenses and the current charges is not significant factor in favor of release.

community, the Court also notes that the Defendant has a history of daily marijuana abuse.

Based upon the Defendant's extensive criminal history, the nature of his present charge, and his history of daily substance abuse, the Court concludes that there is no combination of conditions for release that will assure the safety of others and the community. See 18 U.S.C. § 3142(e)(1)

The Defendant urges the Court to reconsider the issue of detention due to the recommendation by Judge Cayer that the evidence in this case be suppressed. This recommendation is currently under advisement and therefore is not a final determination of the suppression issue. See United States v. Rembert, 694 F.Supp. 163, 167 (W.D.N.C. 1988) (noting that magistrate judge's recommendation on dispositive matter is "not valid until entered by the district court"). As such, the Magistrate Judge's recommendation that the evidence in this case should be suppressed does not constitute a material circumstance "bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

The Defendant further contends that the dismissal of one state felony drug charge, and the anticipated dismissal of the other pending state charges, also constitute material circumstances bearing on the detention issue. The dismissal of one pending felony drug charge, however, does not change the fact that the Defendant has an extensive criminal history and currently faces a federal firearm charge that carries a prison term of a minimum of fifteen years. Additionally, the fact that the Defendant anticipates that the other state charges may be dismissed does not constitute a material change in circumstances, but merely a change in the Defendant's view of the existing circumstances. In any event, the anticipated dismissal of these charges is based upon the Magistrate Judge's recommendation of the suppression of the evidence in this case, which as previously noted, is not a final determination of the issue.

For the foregoing reasons, the Court concludes that the Defendant's Motion to Revoke Detention Order [Doc. 15] must be denied.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Detention Order of the Magistrate Judge is **AFFIRMED**, and the Defendant's Notice of Appeal and Motion to Revoke Detention Order [Doc. 15] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 5, 2009

Martin Reidinger
United States District Judge